## Bailey *against* Stewart.

A submission is annulled by the death of one of the parties before the meeting of the referees, unless it be saved by an express stipulation that it shall survive. The appearance before the referees by the personal representative of the deceased party, and trial of the cause upon the merits, will not so far revive the agreement of submission as to charge a surety in the arbitration bond, who was also bound for the performance of the award.

ERROR to the Common Pleas of *Lycoming* county.

Harvey Bailey against Samuel Stewart. Debt on bond. Harvey Bailey and John Fisher entered into the following agreement:

" Article of agreement, made this 21st of March 1835, between Harvey Bailey and John Fisher. Whereas the said Harvey Bailey, John Fisher, and Joseph S. Bailey, who is now absent in the State of New York, were in partnership in relation to two sections on the Pennsylvania Canal, said sections were in Lycoming county, and also in a number of bridges on said canal, as by reference to their contract with the State of Pennsylvania, and other memorandums of agreement, in relation to the extent of their partnership, the same will more fully appear. And whereas their accounts remain unsettled, and the settlement cannot now be made and closed, because the books are in the possession of said Joseph S. Bailey, who is absent. And whereas the said Harvey Bailey and John Fisher are desirous to have some method fixed by which the same can be settled; it is therefore mutually agreed between the said John Fisher and Harvey Bailey, that as soon as said Joseph Bailey returns from the State of New York, or that they get the books kept on the section, the said parties and Joseph S. Bailey will endeavour to settle their matters, if they can, among themselves. But if they cannot agree, then they do hereby bind themselves, each to the other, to submit the decision of all their accounts and claims of every kind, character, and nature, in relation to the said contracts on the sections and bridges, and all partnership affairs among them in relation to the Pennsylvania Canal and bridges, to three men, to wit: George Tomb, Killian Epley, and William Morrison, whose award and determination, made out in writing, shall be final and conclusive, and bind all parties; and said arbitrators shall convene on 10 days' notice by either party, the arbitrators fixing the time and place of meeting, after the parties, or any of them, failing to agree in said settlement; and the said Harvey Bailey covenants and agrees to give the said John Fisher good and sufficient security with himself, that his brother, Joseph S. Bailey, shall be bound by this agreement and award of said

[Bailey v. Stewart.]

men; and if said Joseph S. Bailey shall be found indebted to said John Fisher, that the said Joseph S. Bailey shall pay the amount to the said Fisher on demand; and the said John Fisher does hereby agree and covenant with the said Harvey and Joseph Bailey, that whatever he shall be found indebted to the said Harvey and Joseph, that he will pay the same to the said Harvey and Joseph on demand, and that he will be bound by this agreement. For the true and faithful performance, and of all and singular the agreements and stipulations above-mentioned, each binds himself to the other, his heirs, executors, and administrators, in the final sum of $1000, in witness whereof we have hereunto set our hands and seals, the day and year aforesaid."

At the same time this agreement was executed, John Fisher and Samuel Stewart executed and delivered a bond, in the penalty of $1000, that John Fisher should faithfully perform and fulfil the above agreement unto Harvey Bailey, his heirs, executors, and administrators. Upon this bond the suit was brought; and the plaintiff averred in his declaration, that the said partners could not settle their accounts; and that the referees met, and having heard the parties, their proofs and allegations, awarded that there was due Harvey Bailey from the firm, $1299.65, of which sum, John Fisher was to pay $1094.68; and this sum the plaintiff claimed to recover in this suit.

The defence, which was specially pleaded, and admitted by the plaintiff, was, that John Fisher and Joseph S. Bailey were both dead before the meeting of the referees. But the plaintiff alleged in his replication, the truth of which was also admitted, that after the death of John Fisher, his administrators agreed to the meeting of the referees, and appeared at the trial and made defence. There were no personal representatives of Joseph S. Bailey. Upon the plaintiff's offering in evidence the submission, the bond and award, they were objected to, on the ground that the death of John Fisher and Joseph S. Bailey before the meeting of the referees revoked their authority, and therefore the award was not binding so as to charge the surety in the bond.

LEWIS, (President,) was of this opinion, and directed a verdict for the defendant.

*Patterson,* for plaintiff in error. The parties by the agreement of submission bound themselves, their heirs, executors and administrators; the death, therefore, of either of them would not revoke it, but it was the duty of the administrators to acquiesce in the reference, and appear and make defence. 1 *Bac. Abr.* 208, *title* "*Arbitrament and Award:*" 1 *Lord Raym.* 247.

*Armstrong* and *Ellis, contra,* argued that nothing less than an explicit agreement that the submission should survive the parties, can prevent the operation of the plain and well-settled principle,

III. — 71

[Bailey v. Stewart.]

that the death of the party revokes the authority. 1 *Har. Dig.* 101, *title " Revocation ;"* 2 *Tidd's Prac.* 748 ; 2 *Barn. & Ald.* 394 ; 3 *Dow. & Ry.* 184 ; 1 *Chitt. Rep.* 387 ; *Doug.* 406.

The opinion of the Court was delivered by

Gibson, C. J.—The defendant's obligation was an informal one,. but the effect of it was to bind him for Fisher's performance of his covenant to abide by the award. Fisher and the plaintiff submitted their controversy to arbitrators by writing under seal, and mutually covenanted to pay whatever should be awarded. Fisher died before award made ; his administrators consented that the arbitrators should nevertheless proceed ; and the questions are, whether his death was a revocation of the submission ; if it was, whether it was a forfeiture of the defendant's bond that Fisher would perform the award.

Death is clearly a revocation where there is not an express stipulation that the submission shall survive ; as was held in *Rhodes* v. *Haigh*, (3 *Dow. & Ry.* 610), and many other cases. And such a stipulation must be explicit. In *Blundell* v. *Brettargh*, (17 *Vez.* 232), the parties had agreed for themselves, their heirs, executors, administrators or assigns, to pay the value of certain property when ascertained by the award of particular arbitrators delivered to the parties by a day mentioned ; and Lord Eldon held that as the delivery was to be to themselves, the true construction of the agreement was that they themselves would do such acts as should be prescribed by an award thus delivered ; or that if they happened not to live long enough after the delivery to do them in person, then that their representatives should do them in their stead ; not that the binding of their representatives made them parties to the submission. It will be perceived, therefore, that such binding does not extend the duration of the submission beyond the joint life of the parties where the award is to be delivered to themselves ; but the law undoubtedly allows it to be further extended by an agreement for delivery to the parties *or* their representatives ; as in *Tyler* v. *Jones*, (1 *Barn. & Cr.* 144, S. C. 4 *Dow. & Ry.* 740). But in the agreement before us, there is not a word about delivery to representatives ; nor is it even provided that they should do an act of performance. They are not so much as named ; and the submission was exclusively between the parties themselves. The death of Fisher, therefore, was a revocation of it ; but was it a breach of the defendant's bond ?

It is settled that a *feme's* revocation by marriage is such a breach. That was determined in *Charnley* v. *Winstanley*, (5 *East* 266). But marriage is a voluntary act ; and it is not doubted that the voluntary disability of a party bound to perform a condition, is itself a breach of it. 1 *Inst.* 121. But no such consequence follows a disability which is involuntary. If the performance of a condition become impossible by a dispensation of Provi-

[Bailey v. Stewart.]

dence, the penalty is saved; as in *Thomas* v. *Howell*, (1 *Salk.* 170), in which a condition to marry a devisor's nephew before the age of twenty-one, was held not to have been broken by the devisee's marriage with another at the age of seventeen, the nephew being then dead.

In the present case the condition of the defendant's bond became impossible by Fisher's death before award made; the submission was revoked; nothing was to be performed; and the bond was discharged. What matters it, then, that Fisher's administrators agreed that the arbitrators should proceed on the terms of the obsolete agreement? They might bind themselves to perform the award; but they could not call back the defendant's responsibility. He had bound himself for Fisher's performance, not theirs; and his extinct obligation could not be revived. The evidence of the administrators' assent, and the proceedings of the arbitrators, therefore, were properly excluded from the jury.

Judgment affirmed.